USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/11/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTHA VENTILLA,

                Plaintiff,

-against-

PACIFIC INDEMNITY COMPANY,

                Defendant.

1:20-cv-08462 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

      Following a conference on November 18, 2020, the Court ordered the Parties in this removed state court action to submit letter briefs regarding subject matter jurisdiction and the potential application of Rule 11 to Plaintiff's counsel's reversal of position regarding the amount in controversy in this case. After review of the Parties submissions [ECF No. 11, 12, 15], the Court DENIES Plaintiff's request for remand to state court and reserves the issue of Rule 11 sanctions.

      This case concerns vandalism damage which occurred to Plaintiff's property in 2018. *See* Complaint, ECF No. 1-1, ¶ 7. Defendant, from whom Plaintiff purchased an insurance policy to cover the property, paid approximately $13,000 to compensate for the damage, but Plaintiff believed she was entitled to far more. *See* Complaint ¶¶ 10-11, 16. After failing to resolve the Parties' dispute before litigation, *see* Complaint ¶¶ 12-14, Plaintiff initially filed a case in the Southern District of New York in June 2020. *See* Notice of Removal, ECF No. 1, ¶ 5. After discussions with Defendant about service and timeliness, Plaintiff voluntarily dismissed the case without prejudice. *See* Notice of Removal ¶ 5.

      Thereafter, Plaintiff filed a nearly identical complaint in New York state court on September 29, 2020. *See* Notice of Removal ¶ 1. After it was served, Defendant timely removed

1

the case to this Court, asserting diversity jurisdiction is present.  *See* Notice of Removal ¶ 2, 13-19.  Notably, while Plaintiff claimed in her original federal court complaint that she sought "damages in excess of $75,000, exclusive of interests and costs," *see* Notice of Removal, Ex. 4, in the operative complaint in this case, Plaintiff states that she "suffered damages under $75,000."  *See* Complaint ¶ 48.

Federal courts may exercise diversity jurisdiction over a case pursuant to 28 U.S.C. § 1332 where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332 (a).  The Party seeking federal court jurisdiction must establish the existence of the amount in controversy "by a preponderance of the evidence." *United Food Commercial Workers' Union v. CenterMark Props. Meridian Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (citation omitted).  However, "[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a *reasonable probability* that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assurance Society of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (citation omitted) (emphasis added).  Where the pleadings themselves are inconclusive, "the courts may look to documents outside the pleadings to other evidence in the record to determine the amount in controversy." *Yong Qin Luo v. Mikel*, 625 F. 3d 772, 775 (2d Cir. 2010) (citation omitted).

In this case, Defendant asserts that the amount in controversy is established by Plaintiff's original federal court complaint and through pre-filing communications with Plaintiff where she represented the loss to be in excess of $250,000.  *See* Notice of Removal ¶¶ 17, 18, Ex. E.  Defendant urges the Court to disregard the statement in Plaintiff's operative complaint that her damages now are "under $75,000," as "a transparent effort to prevent the present suit from being properly removed to federal court."  Notice of Removal ¶ 7.  This is consistent with at least one

estimation that Plaintiff herself provided to Defendant in advance of the Parties' litigation. Before Plaintiff filed her original federal action, she provided as estimate of the damage to her property to Defendant which valued the damage at approximately $256,000. *See* Notice of Removal Ex. E; *see also* ECF No. 11 at 1-2 (acknowledging the estimate).

In response, Plaintiff first points to an oral estimate of the damage between $70,000 and $80,000 prepared by Plaintiff's retained expert. *See* ECF No. 11 at 2. Second, Plaintiff provides a formal appraisal (by the same individual who initially provided the oral estimation) of the damage to her property, valuing the damage at approximately $73,000. *See* ECF No. 11 at 2, Ex. 1. In both cases, Plaintiff asserts that her damages would be offset by the amounts already paid by Defendant. ECF No. 15 at 1. However, neither of these estimates is properly before the Court to determine whether the case appropriately was removed. Questions regarding the amount in controversy requirement are to be determined by looking at the case as of the time the case was removed. *Blockbuster, Inc. v. Galeno*, 472 F. 3d 53, 56-57 (2d Cir. 2006) ("We generally evaluate jurisdictional facts, such as the amount in controversy, on the basis of the pleadings, viewed at the time when the defendant files the notice of removal" (citing *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003) (per curiam))); *see also Collins v. Flynn*, No. 08-cv-59S, 2008 WL 3851842, at *5 (W.D.N.Y. 2008) (collecting cases). Both of Plaintiff's offered estimates were prepared after this case was removed from New York Supreme Court. The only estimate pre-dating the removal is the $256,000 estimate on which Plaintiff previously relied. Because the Court must evaluate the propriety of removal as of the date of the filing of the notice of removal, the Court must rely on the earlier, higher estimate.

Finally, while the Parties' letters discuss certain damages-related stipulations, *see* ECF No. 15 at 1, Plaintiff does not offer to stipulate to damages and fees in an amount less than

$75,000. If Plaintiff were willing to enter into such a stipulation, it largely would defeat any argument that the amount in controversy here is greater than $75,000. *See, e.g.*, *Luce v. Kohl's Dep't Stores, Inc.*, 23 F. Supp. 3d 82, 85 (D. Conn. 2014). Absent that however, the Court is only confronted with Plaintiff's say-so regarding damages. That is not enough. *See In re Eliquis (Apixaban) Prods. Liability Litig.*, No. 17-md-2754 (DLC), 2018 WL 1394179, at *2-3 (S.D.N.Y. Mar. 19, 2018).

In short, at the time the notice of removal was filed there was more than a reasonable probability that the amount in controversy in this case exceeded $75,000. That means that the removal was proper. The Court will not remand the case.

Defendants have stated that they wish to file a motion to dismiss the complaint in this case, and the Parties submitted pre-motion letters regarding the anticipated motion. *See* ECF No. 5, 8. In light of the Court's denial of remand, the motion must be submitted on the following schedule:

- Defendant's Motion to Dismiss must be filed on or before June 2, 2021;
- Plaintiff's Opposition must be filed on or before June 23, 2021;
- Defendant's Reply must be filed on or before July 7, 2021.

Any request for extension or adjournment must be received at least 72 hours in advance of the deadline.

**SO ORDERED**

Dated: May 11, 2021
      New York, New York

*/s/ Mary Kay Vyskocil*
MARY KAY VYSKOCIL
United States District Judge