```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/10/2021

MARTHA VENTILLA,

                      Plaintiff,

-against-

PACIFIC INDEMNITY COMPANY,

                      Defendant.

1:20-cv-08462 (MKV)

ORDER GRANTING MOTION TO DISMISS

MARY KAY VYSKOCIL, United States District Judge:

       This case ends where it ostensibly began: the Southern District of New York. On June 4, 2020, Plaintiff Martha Ventilla filed suit in this Court against Defendant Pacific Indemnity Company. *See Ventilla v. Pacific Indemnity Company*, 20-cv-04278 (KPF). That case, and the one again before the Court, both concern the same vandalism damage which occurred to Plaintiff's property in May 2018. [ECF No. 1-1 ¶ 7, "Complaint"]. Defendant, from whom Plaintiff purchased an insurance policy, paid approximately $13,000 to compensate for the damage, but Plaintiff believed she was entitled to far more. *See* Compl. ¶¶ 10-11, 16.

       After discussions with Defendant about service and timeliness in the previously filed case, Plaintiff voluntarily dismissed the case without prejudice. *See* 20-cv-04278, ECF No. 13. Thereafter, Plaintiff filed a nearly identical complaint in New York state court on September 29, 2020. *See* [ECF No. 1 ¶ 1, "Notice of Removal"]. After it was served, Defendant timely removed the case to this Court. *See* Notice of Removal ¶¶ 2, 13-19. Following the resolution of a threshold jurisdictional issue [ECF No. 17], the Court set a briefing schedule for Defendant's Motion to Dismiss [ECF No. 18]. Pursuant to that schedule, Defendant filed a memorandum of law in support [ECF No. 20, "Def. Mem."], which Plaintiff opposed [ECF No. 21, "Pl. Opp."], and Defendant then filed a reply [ECF No. 22, "Def. Reply"].

Defendant now moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the case for failure to state a claim upon which relief can be granted. [ECF No. 18]. As it must, the Court has construed all facts and drawn all inferences in favor of Plaintiff, the non-moving party. *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 154 (2d Cir. 2006).

The Motion before the Court centers on the following at-issue policy language:[1]

> **Legal action against us**
> You agree not to bring legal action against us unless you have first complied with all conditions of this policy. Except for vehicle coverage, you also agree to bring any action against us within two years after a loss occurs.

Def. Mem. at 2; Pl. Opp. at 2.

Defendant alleges that, pursuant to the above language in the insurance policy governing this dispute, any "legal action" was contractually subject to a two-year statute of limitations. *See* Def. Mem. at 3. Plaintiff contends that a COVID 19-related Executive Order, Executive Order 202.8 which was issued by then-Governor Andrew Cuomo, tolled by law the policy's statute of limitation. *See* Pl. Opp. at 3-4.[2] Further, Plaintiff propounds that the circumstances surrounding the COVID-19 pandemic constitute grounds for this Court to equitably toll any statute of limitations. *See* Pl. Opp. at 8.

Executive Order 202.8 states, in relevant part:

> In accordance with the directive of the Chief Judge of the State to limit court operations to essential matters during the pendency of the COVID-19 health crisis, any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, *as prescribed by the procedural laws of the state*, including but not limited to the criminal procedure law, the family court act, the civil practice law and rules, the court of claims act, the surrogate's court procedure act, and the uniform court acts, or by any other statute, local law,

---

[1] The Court may take judicial notice of executive orders. *See, e.g.*, *Michael Cetta v. Admiral Indem. Co.*, 506 F. Supp. 3d 168, 173 (S.D.N.Y. 2020).

[2] Executive Order 202.8 tolled the statute of limitations for certain legal actions, "as prescribed by the procedural laws of the state," through April 19, 2020. Exec. Order. No. 202.8 (March 20, 2020). Subsequent Executive Orders further tolled the statute of limitations through November 3, 2020 for a total of 228 days. *See McLaughlin v. Snowlift Inc.*, 2021 N.Y. Misc. LEXIS 2794, at *5 (N.Y. Sup. Ct. May 20, 2021).

> ordinance, order, rule, or regulation, or part thereof, is hereby tolled from the date of this executive order until April 19, 2020.

Exec. Order No. 202.8 (March 7, 2020) (emphasis added).

As Plaintiff acknowledges, this Court applies the same principles of statutory construction to an Executive Order that it would any other statute, and a "court should construe unambiguous language to give effect to its plain meaning." *See Colon v. Martin*, 35 N.Y.3d 75, 78, 149 N.E.3d 39, 125 N.Y.S.3d 346 (2020). There can be no doubt that the plain text of the Executive Order tolled *only* "time limits" as prescribed by the procedural laws of the state, *i.e.*, New York state procedural laws, imposed by "statute, local law, ordinance, order, rule, or regulation." Nothing in Executive Order 202.8 relates to private agreements between parties. Plaintiff essentially asks this Court to read into the Governor's order additional language that would toll self-imposed, bargained-for time-limiting language in private contracts. If the Governor wanted, or meant, to include such language, he could have done so. The omission is dispositive, and the Court will not rewrite the result of an exercise of Executive power with which Plaintiff apparently disagrees. *Printvision, Inc. v. Travelers Cas. Ins. Co. of America*, 2021 WL 306347, at *2 (N.Y. Sup. Ct. Jan. 26, 2021) (holding "contractually agreed upon limitation periods are not tolled by the relevant Executive Orders."); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 93 (2012) ("The principle that a matter not covered is not covered is so obvious that it seems absurd to recite it."); *Colon*, 35 N.Y.3d at 78.

Plaintiff cites *Citi Connect, LLC v. Local Union No. 3, International Brotherhood of Electrical Workers* in support of her argument that the Governor's Executive order tolled any statute of limitations applicable to her action. 2020 WL 5940143, at *1 (S.D.N.Y. Oct. 7, 2020). That case, however, is easily distinguishable and inapposite. In *Citi Connect*, the court

determined that an action commenced pursuant to Section 301 of the Labor-Management Relations Act (the "LRMA"), which "borrowed" the statute of limitation imposed by New York Civil Practice Law and Rules § 7503(c) for petitions to stay arbitration brought under the LRMA, was tolled pursuant to Executive Order 202.8. *Id.* at *3-4. The court in *Citi Connect* however did not address whether private contract time limitations were tolled by the Executive Order. Indeed, the Court explicitly did not address whether the at-issue arbitration agreement's time limitation provision meant that the case was time-barred, determining that it was a question "within the exclusive province of the arbitrator." *Id.* at *4.

Given that the Executive Order does not toll time-limitation provisions in private contracts, this Court must enforce the plain meaning of the contract and limit any action to a two-year time period for commencement. *Woodhams v. Allstate Fire & Cas. Co.*, 453 F. App'x 108, 111 (2d Cir. 2012) ("Under New York law, an insurance policy is treated as a contract and construed in accordance with contract principles. Thus, where policy language is unambiguous, we enforce it according to its plain meaning.") (summary order); *see also Exec. Plaza, LLC v. Peerless Ins. Co.*, 22 N.Y.3d 511, 518 (2014) ("An agreement which modifies the Statute of Limitations by specifying a shorter, but reasonable, period within which to commence an action is enforceable.").

Plaintiff knows well that her insurance policy is subject to a contractual two-year time limitation. In a separate, unrelated action, Plaintiff's attempt to recover for flood-related damages was barred by the same two-year contractual limitation. *Ventilla v. Pac. Indem. Co.*, 2020 WL 3872169, at *2 (S.D.N.Y. July 9, 2020) (noting that "Courts have held that there is nothing inherently unreasonable about a two-year period of limitation."). Plaintiff was plainly on notice that her insurance policy required that any action be brought within two years. Yet

despite the fact that the damage Plaintiff says is the catalyst for her action occurred in May 2018, Compl. ¶ 7, she did not file the now-removed case until September 2020, Compl. at 8. Plaintiff does not dispute that this case, filed after the two-year limitation expired in May 2020, *see* Compl. ¶ 26, is otherwise time-barred if there is no tolling in effect.[3] *See* Pl. Opp. at 8. The Court is bound to enforce the plain meaning of the contract and concludes that Plaintiff's action is subject to a contractual two-year limitation period. As such, Plaintiff's case is time barred.

The Court therefore must GRANT Defendant's motion to dismiss. The Clerk of the Court respectfully is requested to close the case.

**SO ORDERED.**

**Date:  November 10, 2021**
**New York, NY**

                                                   **MARY KAY VYSKOCIL**
                                                   **United States District Judge**

---

[3] In the alternative, Plaintiff asks that this Court equitably toll the time limitation in its contract. Pl. Opp. at 8-9. "The doctrine of equitable tolling does not apply to . . . state law claims, as the doctrine only tolls the statute of limitations with regard to federally created causes of action." *Von Hoffmann v. Prudential Ins. Co. of Am.*, 202 F. Supp. 2d 252, 264 (S.D.N.Y. 2002). This case relates solely to a claim for a breach of contract and is before the Court by virtue of diversity jurisdiction. Notice of Removal ¶ 3; Compl. at 3-7. The Court therefore cannot equitably toll any statute of limitation in this case, and therefore does not address the arguments Plaintiff makes with respect to equitable tolling.